UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEDTRONIC, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| **WICHITA RADIOLOGICAL** | ) |
| **GROUP, P.A.,** | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-2497-DDC-GEB |
| | ) |
| **THE UNITED STATES DEPARTMENT** | ) |
| **OF VETERANS AFFAIRS,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **ORDER**

This matter comes before the Court on The United States Department of Veterans Affairs Unopposed Motion to Seal ECF Nos. 2, 3, and 20 ("Motion") **(ECF. No. 26)**. Defendant seeks to maintain under seal certain provisionally sealed documents. After review of Defendant's Motion, and for the reasons set forth below, the Court **GRANTS in part and DENIES in part** Defendant's Motion **(ECF No. 26)**.

1

I.     **Background**[1]

Plaintiff brings this action under the Administrative Procedure Act requesting an order compelling Defendant to produce certain documents and information pursuant to *Touhy* requests it made in conjunction with a related *qui tam* case.[2] Defendant files the instant motion asking the Court to maintain the seal on three documents. All three documents relate to a medical records review of certain veterans who were treated at the Robert J. Dole VA Medical Center. The first two documents (ECF Nos. 2 and 3) are exhibits to Plaintiff's Complaint. They are filed provisionally under seal because they were marked as Confidential in the *qui tam* case. In conjunction with filing its Answer, Defendant filed the Administrative Record (Bates Numbers US-000001-000159) at ECF No. 19. A portion of the Administrative Record (Bates Numbers US-000073-118) is provisionally filed under seal at ECF No. 20.

---

1 The facts cited herein are to provide a factual background for the pending motion only and do not constitute judicial findings of fact.

2 In the related case, Interested Party Thomas Schroeder, as a relator on behalf of the United States, brought an action under the *qui tam* provisions of the False Claims Act. See *United States ex rel. Schroeder v. Medtronic, Inc.,* No. 17-2060-DCC-BGS. Highly summarized, the *qui tam* case alleges the defendants there, including Plaintiff and Intervenor Plaintiff here, violated the False Claims Act by participating in "kickback schemes" related to Defendant's purchase of medical supplies for purportedly unnecessary medical services provided to veterans at the Robert J. Dole VA Medical Center. The *Touhy* requests sought information including Defendant's review of patient care.

**II.     Motion**

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."[3] The Tenth Circuit specifically recognizes the public's right to access judicial records.[4] The public's right of access, however, is not absolute.[5] "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[6] The party seeking to overcome the presumption of public access to court records must show there is a significant interest which favors non-disclosure over the public interest in access to court proceedings and documents.[7] Additionally, D. Kan. R. 5.4.2 governs motions to seal in this District. After a document is filed provisionally under seal and the appropriate notice has been given, the "Proponent" who seeks to maintain the document under seal, "must file a motion to seal or redact in the public record."[8] The motion must: 1) include "a description of the specific portions of the document" the Proponent asks the Court to "maintain under seal" which must be "narrowly tailored to the asserted confidentiality interest;"[9] 2) assert the "confidentiality interest to be protected and why such interest outweighs the presumption of public access;"[10] 3) set forth a "clearly defined and serious injury that would result in the absence of restricting public

---

3 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).
4 *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).
5 *Nixon*, 425 U.S. at 598; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).
6 *Mann,* 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 599).
7 *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).
8 D. Kan. R. 5.4.2(c).
9 D. Kan. R. 5.4.2(c)(1).
10 D. Kan. R. 5.4.2(c)(2).

access;"[11] and 4) indicate "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[12]

Defendant acknowledges it, as the party seeking to overcome the presumption of public access, bears the burden of showing a significant interest which outweighs that presumption.[13] However, it seemingly admits the "question may be close" for the three documents at hand.[14] Defendant argues the documents should not be made available to the public because they "contain or are based upon sensitive medical information about a specific set of veterans who are not parties to this action or the related *qui tam*."[15] Beginning with the document at ECF No. 20, Defendant indicates it contains detailed information about specific medical procedures performed upon the veterans.[16] While the names of the veterans have been redacted, Defendant points out the document still identifies the names of doctors or other VA staff who performed procedures on the veterans; the dates, and in some instances times, of the procedures or a specific patient visit; the anatomical area upon which the procedure was performed; and outcomes or complications from the procedures.[17] And they argue while the names of the veterans have been redacted, given the specificity of the remaining information it is possible the identity of an individual veteran could be determined from the document should it be made

---

11 D. Kan. R. 5.4.2(c)(3).
12 D. Kan. R. 5.4.2(c)(4).
13 *Cincinnati Ins. Co. v. Blue Cross and Blue Shield of Kansas, Inc.*, No. 20-1367-HLT, 2022 WL 1316446, at *1-2 (D. Kan. May 3, 2022).
14 ECF No. 26 at 3.
15 *Id.*
16 *Id.* at 4.
17 *Id.*

4

available to the public. The Court finds Defendant's Motion complies with the provisions of D. Kan. R. 5.4.2(c). Regarding the document at ECF No. 20, the Court finds Defendant has shown the possible risk of exposing an individual veteran's medical condition outweighs the public's right to access. The Court **GRANTS** Defendant's Motion as to ECF No. 20.

Turning to the documents at ECF Nos. 2 and 3, however, the Court is not persuaded Defendant has met its burden to show the confidentiality interest outweighs the public's right to access. Defendant describes these documents as setting forth the parameters for the medical records review and the findings of the review. The Court agrees with the Defendant's descriptions, but ECF No. 2 merely indicates the review will be undertaken, when the review will begin, and the measures under which the certain portions of the work will be kept confidential. Even though ECF No. 3 sets forth findings, the review involves certain cases selected from a broad three year time period and the findings are presented in aggregate. The Court does not believe such findings bear the same risk of exposing an individual veteran's medical condition. Therefore, the Court **DENIES** Defendant's Motion as to ECF Nos. 2 and 3.

For the reasons set out above, the Court **GRANTS in part and DENIES in part** Defendant's Motion **(ECF No. 26)**.

**IT IS THEREFORE ORDERED** ECF Nos. 2 and 3 be unsealed. However, ECF No. 20 shall remain under seal and the Clerk is directed to remove the provisional designation.

Dated this 16th day of February, 2024 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
