UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEDTRONIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| WICHITA RADIOLOGICAL | ) |
| GROUP, P.A., | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-2497-DDC-GEB |
| | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Thomas Schroeder's Motion to Intervene ("Motion") (**ECF No. 22**). Mr. Schroeder seeks to intervene as an interested party in this case. He alleges he is entitled to intervene both as a matter of right under Fed. R. Civ P. 24(a)(2) and permissively under Fed R. Civ P. 24(b)(1)(B). Plaintiff Medtronic, Inc. ("Medtronic") and Plaintiff-Intervenor Wichita Radiological Group, P.A. ("WRG") oppose Mr. Schroeder's motion. Defendant the United States Department of Veterans Affairs ("VA") do not oppose the motion. After review of the relevant briefing and

1

considering the arguments of the parties, Mr. Schroeder's Motion is **GRANTED in part and DENIED in part**.

## I.    Background[1]

Medtronic brought this action against the VA pursuant to the Administrative Procedure Act ("APA") on November 8, 2023. Medtronic alleges the VA has refused to produce certain documents in response to *Touhy* requests made by Medtronic. The *Touhy* requests were made in connection with a False Claims Act ("*qui tam*") action pending before the United State District Court for the District of Kansas, *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*, No. 17-2060-DDC-BGS. The alleged false claims in the *qui tam* action involve invoices sent by Medtronic and WRG for medical services and devices paid by the VA which were purportedly false or fraudulent because they related to allegedly inappropriate and unnecessary medical treatment to veterans under the VA's care.

This is not Medtronic's first effort to collect documents the VA did not produce in response to its *Touhy* requests in the *qui tam* action. On June 22, 2022 Mr. Schroeder filed his own case against the VA pursuant to the APA.[2] Medtronic moved to intervene as a plaintiff.[3] Mr. Schroeder and Medtronic each sought to collect documents and deposition testimony in support of their respective positions in the *qui tam* action. Schroeder did not

---

[1] Unless otherwise indicated, the information set forth in this section is taken from Medtronic's Amended Complaint (ECF No. 28), WRG's Complaint (ECF No. 16), and Mr. Schroeder's Motion. This background information should not be construed as judicial findings or factual determinations.
[2] 22-2209-DDC-BGS *Schroeder v. The U.S. Dept. of Veterans Affairs*.
[3] 22-2209 ECF No. 16.

oppose Medtronic's intervention and Medtronic was permitted to intervene.[4] The court there entered judgment finding Schroeder and Medtronic had established the VA violated the APA by denying certain of their *Touhy* requests and remanded the matter to the VA for reconsideration and supplemental response to the *Touhy* requests no later than June 15, 2023.[5] Since that time Schroeder, Medtronic, and the VA have worked on the production of additional documents pursuant to the relevant *Touhy* requests. Schroeder filed a Motion to Enforce Judgment which Medtronic did not join.[6] Medtronic instead filed this case regarding the August 2, 2022 *Touhy* request at issue in Schroder's APA case, along with subsequent Medtronic *Touhy* requests.

WRG filed an unopposed Motion to Intervene in this case,[7] which was granted.[8] WRG filed its Intervenor Complaint on January 22, 2024. Like Medtronic, WRG seeks to collect documents in response to its *Touhy* requests to the VA. In addition to other claims, Medtronic and WRG both seek declaratory judgment holding the VA's refusal to produce the documents sought in Medtronic's and WRG's *Touhy* requests was arbitrary and capricious. They also conditionally seek to permanently restrain or enjoin the prosecution of the related claims in the *qui tam* action in the event the VA cannot or will not produce the documents at issue.

---

[4] 22-2209 ECF No. 18.
[5] 22-2209 ECF No. 54.
[6] 22-2209 ECF No. 70.
[7] ECF No. 13.
[8] ECF No. 15.

Unlike Medtronic and WRG, Mr. Schroeder, in his Motion, does not seek to collect documents responsive to his *Touhy* requests to the VA. He continues to pursue his collection through his own APA case. The crux of Mr. Schroeder's interest in intervention appears to be able to respond to any motion should Medtronic or WRG seek to enjoin or restrain the prosecution on behalf of the United States in *qui tam* action. To that end, Mr. Schroeder alternatively seeks he be "allowed to submit an amicus brief relating to any dispositive or substantive issues that the Court may be presented with."

## II.     Legal Standard

The right to intervene is addressed in Fed. R. Civ. P. 24. The rule contemplates both intervention as a matter of right and permissive intervention. Regarding intervention as a matter of right, Fed. R. Civ. P. 24(a)(2) provides, "[o]n a timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Fed. R. Civ. P. 24(b)(1)(B), the Court is not required to permit intervention, but "may permit anyone to do so who…has a claim or defense that shares with the main action a common question of law or fact." "A motion to intervene…must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[9]

---

[9] Fed. R. Civ. P. 24(c).

"The Tenth Circuit 'has historically taken a liberal approach to intervention [of right] and thus favors the granting of motions to intervene.'"[10] "The central concern in deciding whether intervention [of right] is proper is the practical effect of the litigation on the applicant for intervention."[11]

"[P]ermissive intervention is a matter within the sound discretion of the district court…."[12] "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[13]

**III.     Discussion**

   **a.     Compliance with Fed. R. Civ. P. 24(c)**

WRG argues the Court should deny Mr. Schroeder's Motion due to his failure to comply with Fed. R. Civ. P. 24(c)'s requirement a motion to intervene be accompanied by a pleading which sets out the claim or defense for which intervention is sought. "The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted."[14] The Court could, on these procedural grounds along, deny Mr.

---

[10] *Everest Indemnity Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 332 (10th Cir. 2020) (quoting *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).
[11] *Id.* (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc)).
[12] Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990)).
[13] Fed. R. Civ. P. 24(b)(3).
[14] *Miami Cnty. Nat. Bank of Paola v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941).

Schroeder's Motion.[15] It is true Mr. Schroeder's Motion neither attaches a proposed complaint nor an answer. Nonetheless, the Court declines to deny Mr. Schroeder's Motion based upon this procedural deficiency where he has adequately described the basis for seeking intervention.[16] The Court therefore turns to the merits of Mr. Schroeder's Motion.

    **b.    Intervention as a Matter of Right**

"Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties."[17] Mr. Schroeder, as the movant, bears the burden of demonstrating he has satisfied the conditions necessary for intervention.[18] "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied."[19]

---

[15] *Hill v. Kansas Gas Service Co.*, 203 F.R.D. 631, 634 (D. Kan. 2001) (citing *School Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D.Pa.1995)).

[16] *Hill*, 203 F.R.D. at 634; *see also Sears Roebuck & Co. v. IPofA Salina Central Mall, LLC,* No. 08-4125-SAC, 2009 WL 1664614, at *2 (D. Kan. Jun 15, 2009) ("[C]ourts in the District of Kansas have generally declined to deny the motions to intervene on procedural grounds alone….") and *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 313 (6th Cir. 2005) (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) ("Whether to permit a procedurally defective motion to intervene is within the sound discretion of the district court.").

[17] *Kane Cnty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d at 1164).

[18] *Huff v. CoreCivic, Inc.*, No. 17-2320-JAR, 2020 WL 430212, at *2 (D. Kan. Jan. 28, 2020) (citing *United States v. Albert Inv. Co.,* 585 F.3d 1386, 1390 (10th Cir. 2009)).

[19] *Marie v. Moser*, No. 14–2518–DDC, 2014 WL 5800151, at *1 (D. Kan. Nov. 7, 2014) (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009)).

A movant must "as a threshold matter, claim 'an interest relating to the property or transaction which is the subject of the action.'"[20] "That interest must be 'direct, substantial, and legally protectable.'"[21] Mr. Schroeder cannot satisfy this factor. The property at issue is the documents sought by Medtronic and WRG from the VA related to the *qui tam* action.

When Medtronic sought to intervene in Mr. Schroeder's APA case, it sought to collect documents from the VA which they had not produced pursuant to Medtronic's *Touhy* requests in the *qui tam* action. When WRG sought to intervene in this case, it too sought documents from the VA pursuant to its *Touhy* requests in the *qui tam* action. What sets Mr. Schroeder's Motion apart is he does not seek documents from the VA in this action. He sought documents from them via his own APA case where he currently seeks to enforce the Court's judgment.[22] He has no claim for documents in this case from the VA and no interest in whether the VA produces documents which Medtronic and WRG sought to support their positions in the *qui tam* action. The Court finds Mr. Schroeder does not have a direct, substantial, and legally protectable interest in whether the VA produces the requested documents to Medtronic or WRG. If the VA produces documents to Medtronic or WRG as a result of this case, they will be produced to Mr. Schroeder in the *qui tam* action, where he as the Relator, has an interest. Therefore, he has failed to meet his burden to show he is entitled to intervention as a matter of right. The Court will next address permissive intervention.

---

[20] *Hill*, 203 F.R.D. at 634-35.
[21] *Id.* at 635 (quoting *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1251 (10th Cir. 2001)).
[22] 22-2209, ECF No. 70.

   c.     **Permissive Intervention**

As set out above, pursuant to Fed. R. Civ. P. 24(b)(1)(B), on timely motion the Court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." In exercising the Court's discretion, it "must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."[23] "Permissive intervention should be denied when the potential intervenor will not 'significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'"[24] Mr. Schroeder does not seek to intervene as either a Plaintiff or Defendant, but rather as interested party. His Motion sets forth no claim or defense period, much less one which shares a common question of law or fact with the claims and defenses raised by Medtronic, WRG, or the VA in this matter. The claims and interests which Mr. Schroeder alleges share common questions of law or fact are "his claims and Medtronic's and WRG's defenses in the underlying FCA/AKS case," i.e., the *qui tam* action.[25]

As discussed above he does not seek the production of documents from the VA. Neither does he maintain any of the documents Medtronic or WRG seek. The Court finds Mr. Schroeder will not significantly contribute to the full development of the underlying factual issues or to the just and equitable adjudication of the legal questions presented regarding the production of documents by the VA. And further finds his intervention, with

---

[23] *Huff*, 2020 WL 430212, at *2 (quoting Fed. R. Civ. P. 24(b)(3)).
[24] *Id.* (quoting *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992)).
[25] Motion, ECF No. 22 at 6.

the right to fully participate in discovery would only "clutter and delay the current proceedings."[26]

### d. Amicus Curiae

Mr. Schroeder, in the alternative, seeks amicus curiae status so he will be permitted to file amicus curiae briefs relating to any dispositive or substantive issues the Court may be presented with. Neither Medtronic nor WRG presents any argument in opposition to Mr. Schroeder being permitted amicus curiae status. Due to the Medtronic's and WRG's contingent claims to permanently restrain or enjoin the prosecution of the related claims in the *qui tam* action in the event the VA cannot or will not produce the documents at issue, the Court will grant Mr. Schroeder amicus curiae status.[27]

For the reasons set forth above, **IT IS THEREFORE ORDERED** Thomas Schroeder's Motion to Intervene **(ECF No. 22)** is **GRANTED in part and DENIED in part**. His request to intervene pursuant to Fed. R. Civ. P. 24 is denied. However, his request to be allowed to submit an amicus brief relating to any dispositive or substantive issues the Court may be presented with is granted. If Mr. Schroeder wishes to file an amicus brief

---

[26] *Huff*, 2020 WL 430212, at *3; *see also Arney*, 967 F.2d at 421 (permissive intervention properly denied when it "would only clutter the action unnecessarily") and *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1069 (10th Cir. 2015) (upholding district court's denial of permissive intervention where intervention would "burden the parties with additional discovery").

[27] *Hill*, 203 F.R.D. at 635 (denying motion to intervene but granting movant amicus status); *Marie*, 2014 WL 5800151, at *1 (denying motion to intervene but permits movant to file amicus brief).

with the Court on any future motions, it must do so by filing them on the deadline for response, as it applies to that motion. The amicus brief shall conform to D. Kan. R. 7.1.

**IT IS SO ORDERED.**

Dated the 10th day of July, 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
